UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20040
Summary Calendar
_____


N.J. MCAFFEE; LILLIAN GOBERT,

                                        Plaintiffs - Appellants,

                        versus

FEDERAL DEPOSIT INSURANCE CORPORATION; COASTAL BANC,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CA-H-95-74)
_____

August 1, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

    In this action to quiet title, N.J. McAffee and Lillian Gobert

appeal from an adverse summary judgment granted in favor of

appellees FDIC and Coastal Banc.  We affirm.

    Gobert[1] filed this quiet title action contending that she was

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

[1] McAffee's interest is unknown.  The complaint, summary judgment
evidence, and the briefs on appeal are all void of any indication

the owner in fee simple of a one-acre parcel of real property located in Wharton County, Texas ("One Acre") under an October 17, 1990 general warranty deed. The summary judgment evidence reflects that on March 11, 1977, Gobert executed a Deed of Trust against One Acre in favor of Colorado County Federal Savings & Loan ("CCFS&L") as collateral for repayment of a $19,200.00 note. Gobert defaulted and CCFS&L acquired One Acre at a foreclosure sale on October 4, 1977. Gobert's interest in One Acre ceased at this point.

CCFS&L then entered into a contract for deed with Richard Thomas on October 20, 1977. In this contract for deed, CCFS&L agreed to convey One Acre to Thomas upon receipt of full payment of the purchase price.[2] The contract provided that if Thomas defaulted on the installment payments, CCFS&L could declare a forfeiture of the contract provided that a forfeiture would not be declared until sixty days after the payment became delinquent and only after written notification. In 1988, CCFS&L became insolvent and its assets, including the contract for deed, ended up in the hands of Coastal Banc, which subsequently transferred its interest in One Acre to FDIC.

Richard Thomas died in November 1987. Neither CCFS&L nor its successor, Coastal Banc, ever received notification of the death from his heirs. Payments on the contract, however, continued through March 1989. No payments were made for April, May, and June

_____

of McAffee's role in this controversy.

[2] The agreed purchase price was $19,689.91.

1989.  On July 8, 1989, Coastal Banc sent written notification to Richard Thomas by certified mail that failure to make the payments would lead to forfeiture.  No payments were forthcoming.  Coastal Banc declared forfeiture on September 1, 1989 at which time Thomas's rights in One Acre were extinguished.  Gobert alleges that Rene Thomas, Richard Thomas's widow, conveyed One Acre to her in fee simple by general warranty deed on October 17, 1990.  It is clear, however, that when Rene Thomas sought to transfer title to Gobert, she did not have any rights in One Acre to convey.  See Johnson v. Wood, 157 S.W.2d 146, 148 (Tex. 1941).

In the district court, Gobert attempted to circumvent the obvious fact that she had no interest in One Acre by contending that: 1) the notice to Thomas preceding forfeiture was defective; 2) the conveyances from CCFS&L to Coastal Banc and FDIC were ineffective because they were not recorded; and 3) the forfeiture was void because it was accomplished without an administration of Thomas's estate.  The district court rejected all of these arguments and granted summary judgment for Coastal Banc and FDIC. On appeal, Gobert reiterates these contentions.  We affirm for essentially the reasons articulated by the district court.

We review a summary judgment under well-established standards. Blakeney v. Lomas Info. Sys., Inc., 65 F.3d 482, 484 (5th Cir. 1995), cert. denied, 116 S. Ct. 1042 (1996); see Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n, 32 F.3d 964, 966 (5th Cir. 1994).

3

Gobert's initial contention that Coastal Banc did not comply with the notice provisions of the Texas Property Code, sections 5.061-.063, is meritless. These provisions only apply if the real property is used or is to be used as the purchaser's residence. Tex. Prop Code Ann. § 5.061 (West 1984). There is no summary judgment evidence that Thomas used or intended to use the property as his residence. In fact, the only evidence presented is that the Thomases resided in St. Louis, Missouri. Thus Gobert fails to demonstrate that the statutory provisions apply.[3]

Gobert's second argument is that the transfers of the property were ineffective because of failure to comply with the Texas Recording Statute. See Tex. Prop. Code Ann. § 13.001 (West 1984). However, as the district court noted, FDIC presented competent summary judgment evidence establishing the validity of the transfers of ownership and title from CCFS&L to Coastal Banc and from Coastal to FDIC. Gobert's only evidence that the transactions were not recorded is an unsworn, unauthenticated commitment for title insurance that was properly rejected by the district court as inappropriate summary judgment evidence. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 192 (5th Cir. 1991).[4]

---

[3] Additionally, we agree with the district court that if the notice provisions were applicable, there has been substantial compliance.

[4] Furthermore, we note that even if Gobert's evidence was considered, it shows that record title was vested in CCFS&L, not the Thomases. Consequently, Gobert cannot claim to be a bona fide purchaser under § 13.001.

Finally, Gobert alleges that the forfeiture is void because it could not take place without administration of Thomas's estate. As the district court properly held, Gobert misunderstands the controlling authority. A forfeiture of a contract for sale of land within four years of the purchaser's death is <u>voidable</u> upon application of the administrator <u>if</u> an administration occurs. <u>See</u> <u>Furman v. Sanchez</u>, 523 S.W.2d 253, 258 (Tex. Civ. App.—San Antonio 1975, no writ). The forfeiture is not automatically void as Gobert contends. Gobert presented no summary judgment evidence that there was an administration of Thomas's estate or that an administrator sought to void the forfeiture by Coastal Banc within the four-year period.

The district court properly concluded that, based upon the summary judgment evidence, FDIC has valid title to one Acre and that McAffee and Gobert have no interest in the property. The judgment is AFFIRMED.